### SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

v.

### CANCER MINUS, INC., Defendant,

### Edward M. Beagan, Defendant–Appellant.

No. 00–6217.

United States Court of Appeals, Second Circuit.

April 5, 2001.

Edward M. Beagan, New York, NY, pro se.

Christopher Paik, Securities and Exchange Commission, Washington, DC, for plaintiff-appellee.

Present OAKES, STRAUB, Circuit Judges, RAKOFF,* District Judge.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant–Appellant Edward M. Beagan, *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*), granting the Securities and Exchange Commission's ("SEC") motions for summary judgment, entry of a default judgment and preclusion of certain testimonial evidence, and denying Mr. Beagan's motions to dismiss the SEC's complaint, or, alternatively, for additional discovery, a stay of the proceedings and an evidentiary hearing on the SEC's request for injunctive relief. Mr. Beagan also appeals the various forms of relief ordered by the District Court, including a permanent injunction against future violations of the federal securities laws, disgorgement of funds and payment of prejudgment interest and civil penalties. Finally, Mr. Beagan appeals from the District Court order denying his motion for reconsideration. For substantially the reasons stated by the magistrate judge in his Report and Recommendation (James C. Francis, IV, *Mag. Judge.*), and by the District Court, we affirm the District Court decision in all respects.

In its complaint, the SEC alleged that from 1990 to 1994 Mr. Beagan and his company, Cancer Minus, Inc., fraudulently raised more than $300,000 from 15 investors through the sale of more than $600,000 shares in Cancer Minus, Inc. common stock in violation of § 17(a)(1), (a)(2), and (a)(3) of the Securities Act of 1933, 15 U.S.C. §§ 77q(a)(1), (a)(2), and (a)(3), § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5. The complaint further alleged that Mr. Beagan made several false representations to investors about the company, including an assertion that their investments would be used to develop a drug to cure cancer, and then misappropriated all of the funds. The SEC sought a permanent injunction, disgorgement, prejudgment interest and civil penalties.

The matter was referred by the District Court to the Honorable James C. Francis, United States Magistrate Judge, who, on July 29, 1999, issued a detailed Report and Recommendation ("Report") that recommended, *inter alia*, that the SEC's motions be granted because there was no genuine issue of material fact as to whether Mr. Beagan and Cancer Minus, Inc. were liable. The Report also notified the parties about their obligations to file any written objections within ten days, and that failure to timely file objections would preclude appellate review. Within the ten days, at least two affidavits were filed by non-parties on behalf of Mr. Beagan. The District Court adopted the Report in its entirety without considering these objections. On appeal, Mr. Beagan claims, *inter alia*, that the District Court should have considered the objections filed by non-parties, and that the District Court lacked subject matter jurisdiction.

Fed.R.Civ.P. 72(b) requires objections to a magistrate judge's report and recommendation to be filed by parties, and does not provide for an exception when a party is proceeding *pro se*. In this Circuit, "fail-

---

* The Honorable Jed. S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

ure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997). Here, Mr. Beagan was clearly advised of his obligation to timely object, and even given an extension of time to do so. Nonetheless, given the *pro se* status of this appeal and the fact that Mr. Beagan apparently attempted to object to the magistrate's Report by having third parties submit information, we have reviewed Mr. Beagan's submissions on appeal. *See id.* (rule precluding appellate review is nonjurisdictional and may be excused "in the interest of justice") (quoting *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993)). However, after doing so, we see no reason to alter the District Court's decision.

Therefore, for substantially the reasons set forth in the magistrate's Report and Recommendation, the judgment of the District Court is hereby AFFIRMED.